KAWASHIMA LAW GROUP LLLC

JARED N. KAWASHIMA     6289
CHRISTIN D. WEHRSIG     10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii 96813
Telephone: (808) 524-0030
Facsimile: (808) 369-8396
E-mail: jared@klghawaii.com

Attorneys for Plaintiffs
HAWAII ELECTRICIANS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu; HAWAII ELECTRICIANS HEALTH AND WELFARE FUND, by its Trustees, Ronald Yee, Jody Hanamoto, Rodney Chun, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS PENSION FUND, by its Trustees, Ronald Yee, James Yamada, Jr., Jody Hanamoto, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS TRAINING FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Phillip Lucero, Peter Akamu, Damien T. K. Kim, Tracy Hayashi; HAWAII ELECTRICIANS SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND, by its Trustees, Robert | CIVIL NO. _____<br><br>COMPLAINT; SUMMONS<br><br><br><br><br><br><br><br><br><br>(Caption continued on next page) |

Hanamoto, Jody Hanamoto, Steve Watanabe, Peter Akamu, Damien T. K. Kim, Dennis Kaloi; HAWAII ELECTRICIANS VACATION AND HOLIDAY FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steve Watanabe, Damien T. K. Kim, Peter Akamu, Tracy Hayashi; HAWAII ELECTRICIANS PREPAID LEGAL FUND, by its Trustees, Jody Hanamoto, Steven Tanaka, Rodney Chun, Tracy Hayashi, Dennis Kaloi, Damien T. K. Kim; HAWAII ELECTRICIANS MARKET ENHANCEMENT PROGRAM FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Robert Hanamoto, Damien T. K. Kim, Robert Aquino, Brian Lee,

    Plaintiffs,

 vs.

BIVENS ELECTRIC, INC. dba WEST COAST CONSTRUCTION, a Hawaii corporation; STEPHANIE F. BIVEN; RODNEY L. K. BIVEN, JR.; JAEKYUNG PARK; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10,

    Defendants.
_____

## COMPLAINT

COME NOW Plaintiffs above named by and through their attorneys Kawashima Law Group LLLC, and for Complaint against Defendants above named, allege and aver as follows:

1. Plaintiffs are the Trustees of the Hawaii Electricians trust funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, Prepaid Legal, Supplementary Unemployment Benefits Fund (Sub Fund), and Market Enhancement Program (hereinafter collectively referred to as "Trust Funds"). Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2. Specifically, the Annuity fund is a money purchase pension plan and the Pension fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, Prepaid Legal, Sub Fund, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6. At all times relevant herein, Defendant BIVENS ELECTRIC, INC. dba West Coast Construction ("Bivens Electric") was a Hawaii corporation doing business on the Island of Oahu, in the City and County of Honolulu, State of

Hawaii. At all material times Bivens Electric was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

7. Upon information and belief, at all times relevant herein Individual Defendants STEPHANIE F. BIVEN, RODENY L. K. BIVEN, JR. and JAEKYUNG PARK (collectively, "Individual Defendants") were residents of the Island of Oahu, State of Hawaii.

8. Upon information and belief, at all times relevant herein Individual Defendants were officers of Bivens Electric.

9. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible

for the injuries or damages to the Trust Funds.  Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date.  Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

10.   Since 2002, Bivens Electric entered into various collective bargaining agreements with the Union as described herein.

11.   Each of the Bargaining Agreements incorporate by reference trust agreements for Trust Funds.

12.   Trust Funds are third party beneficiaries of the Bargaining Agreements.

The Collective Bargaining Agreements

13.   In or around August 2000, Local Union No. 1186 of the International Brotherhood of Electrical Workers (IBEW), AFL-CIO ("Union") and the Electrical Contractors Association of Hawaii ("ECAH") executed two collective bargaining

agreements referred to as the Inside Agreement ("2000-2005 Inside Agreement") and Outside Agreement ("2000-2005 Outside Agreement") (collectively, the "2000-2005 Bargaining Agreements").

14.   The 2000-2005 Bargaining Agreements took effect on August 15, 2000 at 12:01 a.m. and remained in effect until midnight August 14, 2005.

15.   On August 6, 2002, Bivens Electric agreed to abide by all terms and conditions of the 2000-2005 Inside Agreement.

16.   On or around February 5, 2003, Bivens Electric and the Union agreed to amend the 2000-2005 Inside and Outside Bargaining Agreements by a Memorandum of Agreement.

17.   In or around August 2005, the Union and ECAH again executed two collective bargaining agreements referred to as the Inside Agreement ("2005-2010 Inside Agreement") and Outside Agreement ("2005-2010 Outside Agreement") (collectively, the "2005-2010 Bargaining Agreements").

18.   The 2005-2010 Bargaining Agreements took effect on August 15, 2005 at 12:01 a.m. and remained in effect until midnight August 28, 2010.

19.   On August 26, 2005, Bivens Electric agreed to abide by all terms and conditions of the 2005-2010 Inside Agreement.

20.   On or around August 19, 2009, the Union and Bivens Electric executed a Memorandum of Understanding, which took effect on August 23, 2009,

wherein the parties agreed to various amendments of the 2005-2010 Inside Agreement, including but not limited to the extension of the 2005-2010 Inside Agreements' duration to instead expire on August 21, 2011 at midnight.

21. In or around August 2011, the Union and ECAH again executed two collective bargaining agreements referred to as the Inside Agreement ("2011-2016 Inside Agreement") and Outside Agreement ("2011-2016 Outside Agreement") (collectively, the "2011-2016 Bargaining Agreements").

22. Bivens Electric did not sign a Letter of Assent to the 2011-2016 Bargaining Agreements; however, Bivens continued to submit reports and contributions in usual course of dealings as required by each of the bargaining agreements.

23. Bivens Electric is bound by the terms of the 2011-2016 Bargaining Agreements and trust agreements because its past practices in accordance with the bargaining agreements manifested a clear intent to be bound.

24. Absent a written agreement, an employer may be bound to the terms of a collective bargaining agreement if there is a writing indicating the employer's obligations to contribute and sufficient evidence to show the employer's clear intent to be bound to the agreement. Trustees of Flint Michigan Laborers' Pension Fund v. In-Puls Const. Co., 835 F. Supp. 972 (E.D. Mich. 1993).

25. Bivens Electric signed and agreed to the terms of the 2000-2005 Inside Agreement, the amendment to the 2000-2005 Inside and Outside Bargaining Agreements called the Memorandum of Agreement, the 2005-2010 Inside Agreement, and the amendment to the 2005-2010 Inside Agreement called the Memorandum of Understanding. Each of the bargaining agreements, together with the Memorandum of Agreement and Memorandum of Understanding, contains substantially similar terms to the 2011-2016 Bargaining Agreement. Furthermore, Bivens Electric signed and submitted prebilling reports which referenced contributions being allocated toward the various Trust Funds, pursuant to the Bargaining Agreements.

26. In concurrence with such reports, Bivens Electric continued to request, and did in fact receive, laborers from the Union during 2011 through 2014, and Bivens Electric paid its workers the union rates and deducted specific amounts from wages to pay the Trust Funds.

27. Considering the writings and course of action, occurring both prior to the 2011-2016 Bargaining Agreements taking effect and during, Bivens Electric established a clear intent to be bound by the by the terms and conditions of the 2011-2016 Bargaining Agreements and trust agreements.

28.     Bivens Electric agreed to be bound by all the terms of the Bargaining Agreements and various trust agreements and is specifically required to do the following:

(a)     To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or if no such persons are employed, to submit a report so stating;

(b)     To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

(c)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not received by Plaintiffs for a particular month prior to the 1st working day of the second succeeding month;

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions in the sum of 25% of the total amount of contributions and damages due.

29. By agreeing to abide by such Bargaining Agreements, Bivens Electric promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by Bivens Electric's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreements.

30. By said Bargaining Agreements, Bivens Electric agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Bivens Electric would pay to each trust fund liquidated damages in the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said Bargaining Agreements, as amended, for each delinquency as and for liquidated damages and not as a penalty.

31. Bivens Electric's obligations to Trust Funds, pursuant to said Bargaining Agreements and trust agreements, to make contributions, are continuing obligations and Bivens Electric may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

32. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result

11

of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

33. By said Bargaining Agreements, Bivens Electric further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Bivens Electric, Bivens Electric would pay all court and collection costs and reasonable attorney's fees of 25% from the total amount of contributions and damages due from Bivens Electric.

34. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions
> to a multiemployer plan under the terms of the plan or
> under the terms of a collectively bargained agreement
> shall, to the extent not inconsistent with law, make such
> contributions in accordance with the terms and conditions
> of such plan or such agreement.

35. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for
> or on behalf of a plan to enforce section 1145 of this title

>in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>>(A) the unpaid contributions,
>>
>>(B) interest on the unpaid contributions,
>>
>>(C) an amount equal to the greater of
>>
>>>(i) interest on the unpaid contributions, or
>>>(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>>(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>>(E) such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

36.     Bivens Electric's failure to transmit contributions in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.  Upon information and belief, as of January 13, 2015, Bivens Electric owed Two Hundred Eighty-Seven Thousand, One Hundred Fifty-Three Dollars and Seventy Eight Cents ($287,153.78) in contributions for the time period of May 2013 through November 2014, and One Hundred Ninety-Four Thousand, One Hundred Ten Dollars and Forty One Cents ($194,110.41) in liquidated damages for the time period of September 2010 through November

2014, for a grand total of Four Hundred Eighty-One Thousand, Two Hundred Sixty Four Dollars and Nineteen Cents ($481,264.19).

## COUNT II (Individual Defendant – Alter Ego)

37. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

38. Upon information and belief, at all relevant times, Bivens Electric was the alter ego and/or the mere instrumentality of Individual Defendants based on all or some of the following relevant factors:

a) Undercapitalization
b) Failure to observe corporate formalities
c) Absence of corporate records
d) Insolvency of corporation at time of transaction
e) Siphoning off of funds by the dominant shareholder(s)
f) Shareholders guaranteeing corporate liabilities in their individual capacities
g) Nonfunctioning officers or directors
h) Lack of officers or directors
i) Failure to issue stock
j) Absence of consideration for stock
k) Corporation is a facade of the operation of the dominant shareholder(s)
l) Corporation's inability to meet payroll and other obligations
m) Commingling of funds or assets
n) Stripping the corporation of assets in anticipation of litigation

    o) Use of the corporate shell to advance purely personal ends

    p) Treatment of corporate assets as personal assets

    q) Cash advances to shareholders/officers/directors

    r) Advances to corporation by shareholders

    s) Undocumented loans

    t) Use of individual rather than corporate checks and

    u) Fraud and misrepresentation with respect to Trust Fund plan assets of which Individual Defendants were fiduciaries for their employees covered by the Bargaining Agreement and trust agreements.

39. Individual Defendants should be held liable for all the judgments entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund documents as a matter of equity and fairness to Trust Funds based on all or some of the following relevant factors:

    a) Nonpayment of trust fund obligations by Bivens Electric;

    b) Violation of statute or public policy;

    c) Misrepresentations by Bivens Electric and/or shareholders/officers/directors; and/or

    d) The acting principals of Bivens Electric, were responsible for and ratified administrative decisions exercised on behalf of Bivens Electric, were vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of Bivens Electric, and exercised discretionary control over the management of the financial responsibilities and business affairs of Bivens Electric including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the funds pursuant to the Bargaining

    Agreement and trust fund agreements; and/or

    e) The acting principals of Bivens Electric intentionally misrepresented to Trust Funds the amount of hours worked by its employees by failing to report and/or transmit contributions in a timely fashion to Trust Funds.

  40. Trust Funds are informed and believe and thereon alleges that as a result of the failure of Individual Defendants to operate Bivens Electric in the manner required by law, trust fund assets have been improperly diverted from Trust Funds to Bivens Electric and/or Individual Defendants.  To the extent it is determined that Bivens Electric is the alter ego of Individual Defendants, Individual Defendants should be held individually liable for any judgment entered against Bivens Electric.

<u>COUNT III (Individual Defendants – Breach of Fiduciary Duty)</u>

  41. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

  42. Individual Defendants should be held personally liable for any judgment entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund document as it related to Bivens Electric, due to breach of his fiduciary duties as set forth in the various trust agreements and the Employee Retirement Security Act of 1974 ("ERISA").

43. Individual Defendants are fiduciaries under ERISA because they exercised authority or control with respect to management or disposition of plan assets.

44. The trust fund contributions were and are plan assets at all relevant times as the payment of contributions due from Bivens Electric to the Trust Funds accrued and was considered as being held in trust by Bivens Electric for the benefit of the Trust Funds to whom such contributions are due and payable. *See* 29 Code of Federal Regulations §2510.3-102.

45. ERISA required Individual Defendants, each as fiduciary, to "discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries…for the exclusive purpose of…providing benefits to the participants and their beneficiaries…." 29 U.S.C. §1104(a)(1)(A)(I).

46. ERISA imposes personal liability upon Individual Defendants by providing that "any person who is a fiduciary…who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to make good to such plan any losses to the plan resulting from each such breach…." 29 U.S.C. §1109(a).

47. Individual Defendants breached their fiduciary duties by intentionally failing to report and/or pay the required contributions to Trust Funds and failing to discharge their duties as set forth by ERISA and 29 U.S.C. §1104(a).

48. Trust Funds have been damaged as a result of Individual Defendants' action in an amount to be proven at trial.

## COUNT IV (Bivens Electric and Individual Defendants – Constructive Trust)

49. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

50. As a result of Bivens Electric's and/or Individual Defendants' breach of their fiduciary duties of care and loyalty to the participants and beneficiaries of Trust Funds as alleged herein, plan assets have been improperly diverted from Trust Funds to Bivens Electric and/or Individual Defendants.

51. A constructive trust should be imposed upon the assets of Bivens Electric and/or Individual Defendants to be held for the benefit of those participants employed by Bivens Electric and their beneficiaries under the Trust Funds.

WHEREFORE, Trust Funds pray as follows:

(1) For judgment against Bivens Electric and Individual Defendants for outstanding trust fund contributions and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs;

    (2)    For imposition of a constructive trust on the assets of Bivens Electric and/or Individual Defendants; and

    (3)    Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, January 16, 2015.

                                        /s/ Jared N. Kawashima
                                        JARED N. KAWASHIMA
                                        CHRISTIN D. WEHRSIG
                                        Attorneys for Plaintiffs